IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLIFFORD WILLIAM WHITE<br>(BOP Register No. 27992-180), | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| V. | §<br>§ | No. 3:19-cv-443-L-BN |
| MAUREEN UNDERWOOD, Warden, | §<br>§<br>§ | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Clifford William White, a federal prisoner, in custody at FCI Seagoville at least at the time he initiated this action, filed an amended *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, requesting his immediate release and asserting that his "present confinement is illegal, as [he has] served all of [his] sentence and earned all good time under statute (as amended 12/21/2018 by First Step Act)." Dkt. No. 8 at 5; *see id.* ("The BOP is relying on my old projected release date of 5/27/2019 and asserting that it does not need to implement changes [under the First Step Act] until later. Case Manager and Warden defer to national BOP 'guidance.'").

This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the amended habeas

petition.

## Applicable Background, Legal Standards, and Analysis

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require,'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). This statute "authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government," *Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) (footnote omitted). And, under the Rules Governing Section 2254 Cases in the United States District Courts – equally applicable "to § 2241 habeas cases," *Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016) – "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition," RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

White was convicted "on one count of possession of matter containing visual depictions of minors engaging in sexually explicit conduct and on one count of producing visual depictions of minors engaging in sexually explicit conduct," he challenged the denial of his suppression motion on appeal, and the judgment of the district court was affirmed. *United States v. White*, No. 06-51607, 2007 WL 2438002 (5th Cir. 2007) (per curiam); *see also United States v. White*, No. 7:06-CR-96 (W.D. Tex.). Bureau of Prisons's records available online reflect that his current projected

release date is May 25, 2019 and that he may now be located at a residential reentry center in San Antonio.

The basis for White's sole ground for relief appears to be that "[t]he First Step Act, enacted December 21, 2018, amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year." *Schmutzler v. Quintana*, Civ. A. No. 5:19-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019). While

> Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating *Barber v. Thomas*, 560 U.S. 474 (2010)[, ] this provision has not yet taken effect: Section 102(b)(2) of the Act specifically provides that the amendments made in subsection 102(b) of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019.

*Id.* at *2 (denying similar Section 2241 petition in part on this basis).

Because the relief that White seeks under the First Step Act has not yet taken effect, it plainly appears that he is not entitled to relief pursuant to the operative habeas petition.

## Recommendation

The Court should summarily dismiss Petitioner Clifford William White's amended petition for writ of habeas corpus under 28 U.S.C. § 2241.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 5, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE